**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 14, 2013[*]
Decided March 18, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-3535

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>v.<br><br>COMPTON JONES,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 96 CR 553<br><br>Rebecca R. Pallmeyer,<br>*Judge*. |

**O R D E R**

Compton Jones, a high-ranking member of the Gangster Disciples street gang, was indicted in 1997 on a host of drug-related charges. A jury convicted him of

---

[*] This successive appeal has been submitted to the original panel pursuant to Internal Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See FED. R. APP. P. 34(a); CIR. R. 34(f).

participating in a drug conspiracy, 21 U.S.C. § 846, inducing and employing minors to participate in a drug conspiracy, 21 U.S.C. §§ 861(a)(1),(2), and possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1). The district court found that "at least 1.5 kilograms of crack or 150 kilograms of powder [were] involved in this conspiracy or [were] foreseeable – or chargeable to Mr. Jones because they were foreseeable to him," and sentenced him to a term of 420 months' imprisonment. The government presented evidence that a far larger quantity of drugs was attributable to Jones, but the court explained that this was "overkill," because a finding that at least 1.5 kilograms was attributable to Jones yielded a base offense level of 38. This was the highest offense level available under the then-applicable drug quantity table.

In November 2011, following Amendments 748 and 750 to the U.S. Sentencing Guidelines, Jones moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). These amendments reduced the base offense levels for defendants responsible for less than 8.4 kilograms of crack cocaine. In an earlier § 3582(c)(2) proceeding based on separate amendments to the guidelines, however, the district court found that the quantity of crack cocaine attributable to Mr. Jones "exceeded, by many multiples, 4.5 kilograms" (*i.e.*, was comfortably more than 8.4 kilograms; the lowest possible multiple, two, yields 9 kilograms). Jones offered no evidence to contest this determination in his renewed motion to reduce his sentence, and accordingly, the court concluded that Jones was not eligible for a sentence reduction.

On appeal, Jones argues that it was inappropriate for the district court to find that the amount of crack cocaine attributable to him "exceeded, by many multiples, 4.5 kilograms" when the sentencing court found only that Jones was responsible for "more than 1.5 kilograms." As we have explained, however, "[n]othing prevents a district court from making new findings of fact when ruling on a § 3582(c)(2) motion, so long as those findings are not inconsistent with those made at the original sentencing." *United States v. Davis*, 682 F.3d 596, 612 (7th Cir. 2012). Indeed, such determinations often become necessary in adjudicating § 3582(c)(2) motions, and a district court may consider the record as a whole when reaching a conclusion on the drug quantity attributable to a defendant. *Id.* Here, as in *Davis*, there is no inconsistency between the sentencing court's original determination that the defendant is responsible for "at least 1.5 kilograms of crack cocaine" and its later finding that he is responsible for a much larger quantity of crack cocaine. *Id.* at 611; *accord United States v. Moore*, 706 F.3d 926 (8th Cir. 2013).

The district court's judgment is **AFFIRMED**.